ANSTEAD, Justice,
dissenting.
I am still of the view, as expressed in my separate opinion on May 4, 1995, that we should accept the recommendations of the Florida Criminal Procedure Rules Committee.
APPENDIX
RULE 3.202. EXPERT TESTIMONY OF MENTAL MITIGATION DURING PENALTY PHASE OF CAPITAL TRIAL: NOTICE AND EXAMINATION BY STATE EXPERT
(a) Notice of Intent to Seek Death Penalty. The provisions of this rule apply only in those capital cases in which the state gives written notice of its intent to seek the death penalty within 10 days from the date of arraignment. Failure to give timely written notice under this subdivision does not preclude the state from seeking the death penalty-
(b) Notice of Intent to Present Expert Testimony of Mental Mitigation. When in any capital case, in which the state has given notice of intent to seek the death penalty under subdivision (a) of this rule, it shall be the intention of the defendant to present, during the penalty phase of the trial, expert testimony of a mental health professional, who has tested, evaluated, or examined the defendant, in order to establish statutory or nonstatutory mental mitigating circumstances, the defendant shall give written notice of intent to present such testimony.
(c) Time for Filing Notice; Contents. The defendant shall give notice of intent to present expert testimony of mental mitigation within 45 days from the date of service of the state’s notice of intent to seek the death penalty. The notice shall contain a statement of particulars listing the statutory and nonstatutory mental mitigating circumstances the defendant expects to establish through expert testimony and the names and addresses of the mental health experts by whom the defendant expects to establish mental mitigation, insofar as is possible.
(d) Appointment of State Expert; Time of Examination. After the filing of such notice and on the motion of the state indicating its desire to seek the death penalty, the court shall order that, within 48 hours after the defendant is convicted of capital murder, the defendant be examined by a mental health expert chosen by the state. Attorneys for the state and defendant may be present at the examination. The examination shall be limited to those mitigating circumstances the defendant expects to establish through expert testimony.
(e) Defendant’s Refusal to Cooperate. If the defendant refuses to be examined by or fully cooperate with the state’s mental health expert, the court may, in its discretion:
(1) order the defense to allow the state’s expert to review all mental health reports, tests, and evaluations by the defendant’s mental health expert; or
(2) prohibit defense mental health experts from testifying concerning mental health tests, evaluations, or examinations of the defendant.
ON MOTION FOR REHEARING
The Florida Public Defenders Association and the State Attorney for the Seventeenth Circuit have filed motions for rehearing raising a number of concerns with respect to new *85 Florida Rule of Criminal Procedure 3.202, entitled “Expert Testimony of Mental Mitigation During Penalty Phase of Capital Trial.” Except as noted below, the motions for rehearing are denied.
As originally adopted, the provisions of new rule 3.202 are triggered if within ten days after arraignment the State gives notice that it will seek the death penalty. Fla. R.Crim.P. 3.202(a). If the State gives timely notice of its intent to seek the death penalty, the defense has forty-five days from service of the State’s notice to give notice of its intent to establish mental mitigation through expert testimony. Fla.R.Crim.P. 3.202(e).
After considering the motions for rehearing, we amend subdivisions (a) and (e) of the new rule as follows. We amend subdivision
(a)to require the State to give notice of its intent to seek the death penalty within forty-five days from the date of arraignment, if it wishes to trigger the provisions of the rule. We amend subdivision (e) to require the defense to give notice of its intent to present expert testimony of mental mitigation not less than twenty days before trial.
These changes are reflected in the appended rule. Additions are indicated by underscoring; deletions are indicated by struck-through type. The amendments' shall become effective upon the release of this opinion. No motion for rehearing shall be entertained.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
APPENDIX
RULE 3.202. EXPERT TESTIMONY OF MENTAL MITIGATION DURING PENALTY PHASE OF CAPITAL TRIAL: NOTICE AND EXAMINATION BY STATE EXPERT
(a) Notice of Intent to Seek Death Penalty. The provisions of this rule apply only in those capital cases in which the state gives written notice of its intent to seek the death penalty within 40 45 days from the date of arraignment. Failure to give timely written notice under this subdivision does not preclude the state from seeking the death penalty.
(b) Notice of Intent to Present Expert Testimony of Mental Mitigation. When in any capital case, in which the state has given notice of intent to seek the death penalty under subdivision (a) of this rule, it shall be the intention of the defendant to present, during the penalty phase of the trial, expert testimony of .a mental health professional, who has tested, evaluated, or examined the defendant, in order to establish statutory or nonstatutory mental mitigating circumstances, the defendant shall give written notice of intent to present such testimony.
(c) Time for Filing Notice; Contents. The defendant shall give notice of intent to present expert testimony of mental mitigation within 45 days from-the-date-of service of the state’s notice of intent — to-seek- the death-penalty not less than 20 days before trial The notice shall contain a statement of particulars listing the statutory and nonstat-utory mental mitigating circumstances the defendant expects to establish through expert testimony and the names and addresses of the mental health experts by whom the defendant expects to establish mental mitigation, insofar as is possible.
(d) Appointment of State Expert; Time of Examination. After the filing of such notice and on the motion of the state indicating its desire to seek the death penalty, the court shall order that, within 48 hours after the defendant is convicted of capital murder, the defendant be examined by a mental health expert chosen by the state. Attorneys for the state and defendant may be present at the examination. The. examination shall be limited to those mitigating circumstances the defendant expects to establish through expert testimony.
(e) Defendant’s Refusal to Cooperate. If the defendant refuses to be examined by or fully cooperate with the state’s mental health expert, the court may, in its discretion:
(1) order the defense to allow the state’s expert to review all mental health reports, *86 tests, and evaluations by the defendant’s mental health expert; or
(2) prohibit defense mental health experts from testifying concerning mental health tests, evaluations, or examinations of the defendant.